# United States District Court
## for
## Middle District of Tennessee

## Petition for Warrant or Summons for Offender Under Supervision
### (Supersedes petition filed as Docket Entry No. 89, September 25, 2012)

Name of Offender: <u>Donald Peden, Jr.</u>          Case Number: <u>1:05-00004</u>

Name of Judicial Officer: <u>William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>February 27, 2006</u>

Original Offense: <u>Felon in Possession of a Firearm, Possession of a Stolen Firearm, and Theft of a</u>

<u>Firearm from Licensed Dealer</u>

Original Sentence: <u>84 months' imprisonment and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>          Date Supervision Commenced: <u>February 18, 2011</u>

Assistant U.S. Attorney: <u>Alex Little</u>          Defense Attorney: <u>Sumter L. Camp</u>

---

## PETITIONING THE COURT
■ **To consider the additional violation information at the defendant's revocation hearing.**

---

THE COURT ORDERS:

☒ **Consider the additional violation information at the defendant's revocation hearing.**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

I declare under penalty of perjury that the
foregoing is true and correct. Respectfully
submitted,

*Karen Webb*

Karen L. Webb
U.S. Probation Officer

Considered this *16 TH* day of
*October*, 2012, and made a part of
the records in the above case.

*[signature]*

William J. Haynes, Jr.
Chief U. S. District Judge

Place    Columbia, TN

Date    October 11, 2012

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.**
(Updated)

**The defendant shall not commit another federal, state, or local crime:**
On September 20, 2012, at 1:10pm, Mr. Peden was arrested for Driving Under the Influence, Reckless Driving, Open Container, and No Proof of Insurance, in Pulaski, Tennessee. The complaint reflects the defendant was involved in a property accident on I-65 while under the influence of alcohol, narcotic drug, or drugs having stimulating effects on his central nervous system. Mr. Peden refused to submit to an intoximeter test. **On October 4, 2012, Mr. Peden pled guilty to the DUI offense. He was sentenced to 11 months and 29 days, suspended after 48 hours in jail. The other charges were dismissed.**

**2.**
(Additional)

**The defendant shall not commit another federal, state, or local crime:**
On September 24, 2012, Mr. Peden was charged with the attempted murder of his girlfriend, Latoya Pipkins in Nashville, Tennessee. The complaint reflects that on the morning of September 20, 2012, Ms. Pipkins was found unconscious and bleeding by her minor child in her home. Ms. Pipkins had suffered a trauma to her head and her throat was cut. The responding officer and emergency medical technicians arrived on the scene, and the victim was still unresponsive and transported to Vanderbilt Medical Center. In the residence near the victim's body, was a knife and sledge hammer with what appeared to be blood on them. A vehicle belonging to the victim and her boyfriend, Donald Michael Peden, was taken from the residence. Mr. Peden was not at the scene upon police arrival. He was arrested later in the day on September 20, 2012, in Giles County. During an interview with a Metro Police detective in the Giles County Jail, Mr. Peden refused to talk with the detective and threw some bloody socks at the detective. Upon regaining consciousness, Ms. Pipkins told investigators that she and Mr. Peden had an argument and she remembered being hit in the head by Mr. Peden. Her next recollection was waking up in the hospital. The victim's account of the incident identified Mr. Peden as the individual that assaulted her and intended to murder her.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Peden has been on supervision since February 18, 2011. The Court was made aware early in his supervision that he was terminated from his placement at Diersen Charities on July 11, 2012, due to cocaine use. Mr. Peden appeared before the Court on September 2, 2011, and his revocation hearing was continued 6 months to see how he would progress in substance abuse treatment. The defendant successfully completed treatment at Centerstone in March 2012. He submitted negative drug screens, maintained stable employment, and maintained a stable residence. As a result, the violation petition was dismissed on March 14, 2012.

Mr. Peden quit his job at Champion Car Wash on September 7, 2012, complaining that his supervisor was verbally abusive to him. However, the defendant reported that he was actively pursuing employment. He continued to reside with his girlfriend in Nashville, until his recent arrest.

## Update of Offender Characteristics:
Mr. Peden is currently in custody at the Metropolitan Nashville Jail.

## U.S. Probation Officer Recommendation:
It is respectfully requested that the additional violation information be considered at Mr. Peden's upcoming revocation hearing. The U.S. Attorney's Office has been advised of the new violation information in this petition.

Approved: _____

Kenneth Parham
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. Donald Peden, Jr., CASE NO. 1:05-00004

**GRADE OF VIOLATION:**     **A**
**CRIMINAL HISTORY:**     **VI**

**ORIGINAL OFFENSE DATE:**     **POST APRIL 30, 2003**     **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | **3 years (Class C felonies)** *18 U.S.C. § 3583(e)(3)* | **33-41 months (24 months maximum)** | **No recommendation** |
| **SUPERVISED RELEASE:** | **not more than 3 years** | **up to 3 years less any term of imprisonment** *18 U.S.C. 3583(h)* | **No recommendation** |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** In the case of a Grade A violation, the court shall revoke supervised release. § 7B1.3 (a)(1).

Respectfully Submitted,

Karen L. Webb
U.S. Probation Officer

Approved: _____
Kenneth Parham
Supervisory U.S. Probation Officer